UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DON KOLLMAR,<br>Defendant. | Case No. 19-mj-70677-MAG-1 (KAW)<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING**<br>Re: Dkt. Nos. 4, 9 |

Having reviewed the parties' briefing regarding bail, the Court requires supplemental briefing on the following:

**A. Unusual Delay**

The Ninth Circuit has acknowledged that "unusual delay in the appeal process" can constitute a special circumstance that justifies bail. *Salerno v. United States of America*, 878 F.2d 317, 317 (9th Cir. 1989); *see also In re Requested Extradition of Kirby*, 106 F.3d 855, 863 (9th Cir. 1996) (finding unusual delay where extradition hearings were stayed pending the outcome of a similar case, resulting in the three individuals being in custody for two to three and a half years). Defendant argues that litigation will likely be protracted because appeals by either party are likely to be protracted. (Def.'s Response at 12, Dkt. No. 9.) The Court requires additional briefing as to how appeals in this case are likely to result in "unusual delay," in comparison to other cases. *E.g.*, *United States v. Taitz*, 130 F.R.D. 442, 445-46 (S.D. Cal. 1990) (finding special circumstances based on unusual delay where there was a substantial question as to whether the defendant was charged with an extraditable offense, there were two pending extradition cases with similar complex legal questions that had lasted more than six months without an extradition hearing, and the case would likely involve habeas corpus proceedings before the district court and Ninth

Circuit).

### B. Delay in Prosecution

In *United States v. Castaneda-Castillo*, the district court found there were special circumstances based on the lack of diplomatic necessity for detention, as the country seeking extradition "has obviously not actively pursued this twenty-five year old charge, thereby resulting in a very lengthy delay." 739 F. Supp. 2d 49, 57-58 (D. Mass. 2010). The Court requires supplemental briefing as to why the Court should not similarly find special circumstances in the instant case, when forty years have passed since the alleged acts took place, and it is not clear the Canadian authorities pursued charges in the last twenty years.

### C. Availability of Bail in Extradition Cases

The United States argues that "[t]he availability of bail for the charged offense in the requesting country is not a special circumstance justifying bail." (USA Memo. at 11, Dkt. No. 4.) Some courts, however, have found that the availability of bail is a special circumstance where the country seeking extradition would grant bail to an individual facing extradition for a similar offense.

For example, in *Taitz*, South Africa sought extradition of the defendant on fraud charges. 130 F.R.D. at 447. The defendant presented evidence that a South African court had given bail to an individual facing extradition to the United States on charges of making false statements. *Id.* Reasoning that the false statements charge was "not unlike" the fraud charge, the district court reasoned "there can be no diplomatic concern by South Africa if a United States court releases on bail a person who is facing extradition to South Africa where bail is available in South Africa for persons facing extradition to the United States." *Id.*; *cf. In re Extradition of Nacif-Borge*, 829 F. Supp. 1210, 1220 (D. Nev. 1993) (finding no special circumstances where the defendant "presented no evidence on whether Mexico would grant bail to a U.S. citizen facing extradition for similar income tax charges under equivalent circumstances in Mexico").

The Court requires supplemental briefing as to whether *Taitz* is persuasive. Additionally, the Court requires further information as to whether Canada would grant bail to an individual facing extradition for charges similar to this case, including any examples of when bail has in fact

been granted.

Supplemental briefs are due by Thursday, May 16, 2019 at **10:00 a.m.**

IT IS SO ORDERED.

Dated: May 14, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge