UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD KOLLMAR,<br><br>Defendant. | Case No. 19-mj-70677-MAG-1 (KAW)<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING** |

On February 10, 2020, the Court granted the request by the United States for a certificate of extraditability of Defendant Donald Kollmar. (Certificate of Extraditability Order, Dkt. No. 86.) Defendant is charged with Rape and Indecent Assault, in violation of sections 143, 144, and 149 of the Criminal Code of Canada. (*See id.* at 1.)

On February 24, 2020, Defendant filed a petition for a writ of habeas corpus. (Case No. 20-cv-1388-JST, Dkt. No. 1.) On April 27, 2022, Judge Tigar denied the petition in part and remanded the case to the undersigned to determine whether the Indecent Assault charge satisfies the dual criminality requirement. (Case No. 20-cv-1388-JST, Dkt. No. 32 ("Habeas Order") at 21.)

"Under the principles of dual criminality, no offense is extraditable unless it describes conduct which is criminal in both jurisdictions." *Oen Yin-Choy v. Robinson*, 858 F.2d 1400, 1404 (9th Cir. 1988). "To satisfy dual criminality, the name by which the crime is described in the two countries need not be the same, nor does the scope of liability for the crime need to be the same. Rather, dual criminality exists if the 'essential character' of the acts criminalized by the law of each country are the same and if the laws are 'substantially analogous.'" *Id.* (internal quotation omitted). In turn, "[w]hen the laws of both the requesting and the requested party appear to be

1 directed to the same basic evil, the statutes are substantially analogous." *Choe v. Torres*, 525 F.3d
2 733, 738 (9th Cir. 2008).

3       In seeking a certificate of extraditability, the United States based the Indecent Assault
4 charge on Defendant's non-consensual touching of the victim with his hands in a sexual manner.
5 (*See* Dkt. No. 74 at 11-12.) In support of dual criminality, the United States cited 18 U.S.C. §
6 2243 and 2244(a)(3), as well as California Penal Code § 288(a) and (c), each of which concerns
7 statutory rape. The Court requires supplemental briefing as to whether the statutes cited by the
8 United States are "substantially analogous" to Section 149 of the Criminal Code of Canada, such
9 that they are both "directed to the same basic evil." *Choe*, 525 F.3d at 738. To the extent the
10 United States bases the Indecent Assault charge on different behavior or different statutes, the
11 United States shall explain how it satisfies the dual criminality requirement.

12       The United States shall file a supplemental brief within **three weeks** of the date of this
13 order. Defendant shall file a responsive brief within **two weeks** of the United States filing its
14 supplemental brief. The briefs shall be no more than **ten pages**. The hearing on this matter will
15 be held on June 28, 2022, at 10:30 a.m., Courtroom 4.

16       IT IS SO ORDERED.

17 Dated: May 6, 2022

18       KANDIS A. WESTMORE
19       United States Magistrate Judge