BOERSCH & ILLOVSKY LLP
Martha Boersch (State Bar No. 126569)
martha@boersch-illovsky.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorney for Defendant
Donald Kollmar

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| UNITED STATES OF AMERICA, | Case No. 19-mj-70677-MAG |
|---|---|
| Plaintiff, | |
| v. | **OPPOSITION TO UNITED STATES' SUPPLEMENTAL BRIEF ADDRESSING DUAL CRIMINALITY (DKT. 92)** |
| DONALD KOLLMAR, | |
| Defendant. | |

Mr. Kollmar respectfully submits this opposition brief pursuant to this Court's order (Dkt. 91), without waiving his claim that this Court lacks jurisdiction given the filing of the notice of appeal and that the habeas court should have granted the habeas petition on the indecent assault charge and could not "remand" to this Court for further proceedings. Because neither this Court nor the habeas court has ruled on Mr. Kollmar's requests for a stay, he submits this brief.

Mr. Kollmar incorporates by reference his prior filings in this matter and the habeas matter addressing the issue of dual criminality for the Canadian indecent assault charge. *See* Dkt. 64 at ECF 34-38; *Donald Kollmar v. United States Pretrial Services*, No. 5:20-cv-001388-JST, Dkt. 1-1 at ECF 33-35 & Dkt. 14 at ECF 6-10.

Under Article 2 of the Treaty on Extradition Between the United States of America and Canada, no person may be extradited from the United States to Canada unless the offense for which extradition is sought is made criminal in the United States *and* the analogous offense in the United States is punishable by a term of imprisonment exceeding one year.  For this reason alone, extradition must be denied as to the indecent assault allegation.  As previously briefed before this Court and the habeas court, the conduct proscribed by Canadian Section 149 – nonconsensual sexual touching other than intercourse or without penetration – is substantially analogous only to California Penal Code Section 243, which is a misdemeanor and therefore cannot support extradition under the terms of the treaty, as the Ninth Circuit has previously held in an unpublished opinion.  Dkt. 14 at ECF 10 n. 4.

The other statutes the government relies upon are not analogous because they are not directed to the "same basic evil."  *Choe v. Torres*, 525 F.3d 733, 738 (9th Cir. 2008).  Each of the statutes the government relies upon to support dual criminality for the Canadian indecent assault charge are not substantially analogous because each is directed to a different evil, such as sexual abuse in institutional settings (18 U.S.C. §§ 2243 and 2244), or requires actual penetration by a foreign object by means of force (Cal. Penal Code § 289), or abuse of a minor (Cal. Penal Code § 288), the latter of which the Canadians are no longer pursuing.

Dated:  June 9, 2022

BOERSCH & ILLOVSKY LLP

 */s/Martha Boersch*_____
Martha Boersch
Attorney for Defendant
Donald Kollmar